Charles Hunsicker, Jr. *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board. Charles Hunsicker, Jr., Appellant.

Argued December 9, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John D. Kuhn,* with him *Harold R. Prowell,* for appellant.

*Raymond Kleiman,* Deputy Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 23, 1977:

Charles Hunsicker, Jr. (Appellant) has appealed an order of the State Employes' Retirement Board (Board) denying his request for the military service credit provided by Section 207(1) of the State Employes' Retirement Code of 1959 (Code).[1]

---

[1] Act of June 1, 1959, P.L. 392, §101 et seq., repealed by Act of March 1, 1974, P.L. 125, No. 31, §2(a). Although this appeal is governed by the provisions of the 1959 Act, the subject matter of the repealed Act is now covered in 71 Pa. C.S.A. §5304.

In February, 1941, Appellant began his state employment. In July, 1942, he was ordered to active duty with the Navy. He was placed on military leave of absence without pay in August, 1942, but continued to make his contributions to the State Employes' Retirement Fund (Fund) until October, 1943, at which time he resigned from Commonwealth service and withdrew his pension contributions.

Appellant's tour of active duty terminated in June, 1947, but he voluntarily remained in the Navy until July, 1963 when he returned to state employment. Appellant then resumed contributions to the Fund.

In March, 1966, Appellant reached the superannuation retirement age of 60 years. One month prior to reaching retirement age, Appellant had petitioned for military service credit and tendered a check for the amount of accumulated salary deductions for the period between October, 1943 and June, 1947 (the period in which he was on active duty during wartime but was making no contributions).

The Board denied Appellant's request for purchase of military service credit. Hence, this appeal.

Section 207(1) of the former Code states:

(1)   A State employe who during the period from September 16, 1940, to July 27, 1953, entered into active military service, defined as full time service in the armed forces of the United States, under a requisition from or by executive order of the President of the United States, or in the armed forces organized for the defense of the Commonwealth by the authority of this Commonwealth, shall be allowed credit for the period during which he was in active military service and salary deductions were paid into the fund either during such active military service or thereafter in accordance with the provisions of article III, sections 301 and 302.

The Board concluded that it would be contrary to public policy and the spirit of Section 207(1) to permit Appellant to purchase his military service credit when he is also receiving a federal disability pension. The Board also concluded that Appellant's choice to remain in the Navy until 1963 constituted an abandonment of his rights to benefits during the period of his entire military career, including the active wartime service period. We hold that the Board's conclusions are erroneous as a matter of law.

Initially, we note that Appellant is not, as the Board suggests, seeking credit with the state employment system for his voluntarily extended service time with the Navy. *Cf. State Employes' Retirement Board v. O'Brien,* 93 Dauph. 101, 50 D. & C. 2d 750 (1970).

Section 302(2) of the former Code defines the categories of employes who are entitled to make back contributions on account of past service for which they were given credit. Subsection 302(2)(i) defines the category of employes into which Appellant falls— state employes who entered active military service between September 16, 1940 and July 27, 1953—and further provides that such a person who does not contribute to the fund during active military service: ". . . may, during the period of such active military service *or at any time after completion of such active military service*," pay into the fund the amount equal to what the salary deductions would have been during the military service. The clear meaning of Section 302(2) is that there are no restrictions applicable to individuals who separate from Commonwealth service and return years later.

Appellant has fulfilled the statutory requirements of Section 207(1) and 302(2)(i) of the former Code and we hold that upon his tender of the appropriate amount of money, he should have been granted mili-

tary service credit for the period between October 1, 1943 and June 25, 1947. It is not within the power of the Board to superimpose its own concepts of public policy or legislative intent where the statutory provisions are clear and unambiguous. Accordingly, we

### ORDER

AND Now, this 23rd day of February, 1977, the order of the State Employes' Retirement Board is reversed and the case is remanded to the Board with a direction to allow military service credit to Charles Hunsicker, Jr., for the period between October 1, 1943 and June 25, 1947 upon payment of the correct sum of money for back contributions to be calculated by the Board in accordance with Section 207(1) of the State Employes' Retirement Code of 1959.