Owen S. Grove, Petitioner v. Commonwealth of Pennsylvania, State Employes' Retirement Board, Respondent.

Argued January 31, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Terry R. Bossert, McNees, Wallace & Nurick,* for petitioner.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 14, 1983:

Section 401(1)(a) of the State Employes' Retirement Code of 1959[1] (Code) provides the mechanism by which benefits are computed upon the retirement at or after the attainment of the superannuation retirement age of a contributor.[2] The superannuation retirement

---

[1] Act of June 1, 1959, P.L. 392, *formerly* 71 P.S. §1725-401, repealed by Section 2(a) of the State Employees' Retirement Code, Act of March 1, 1974, P.L. 125. Similar provisions are now found in 71 Pa. C. S. §§5308, 5309, 5702, 5703, 5705. Although this appeal is governed by the provisions of the 1959 Act, the subject matter of the repealed Act is now covered generally in 71 Pa. C. S. §§5101-5956.

[2] Section 102(8) of the Code, *formerly* 71 P.S. §1725-102(8) defines a contributor as:

any person who is presently a State employe, including one on leave of absence with or without pay, and who has accumulated deductions to his account in the fund to the credit of the members' annuity savings account.

allowance consists of two parts, a member's annuity and a state annuity.[3] The member's annuity is "the actual equivalent of his accumulated deductions" and the state annuity consists primarily of the following two components:

(i) A basic component of one one-hundredth (1/100) of his final average salary for each year of total credited service.

(ii) An equalizing component equal to the amount, if any, by which the member's annuity is less than the State annuity attributable to contributory service.[4]

The petitioner, Owen S. Grove, has appealed from an adjudication of the State Employes' Retirement Board (board) denying his request for a computation of his annuity so as to include credit for the time he served in the United States Armed forces before he obtained employment with the state within the equalizing component of the state annuity as provided by Section 401 (1)(a)(ii) above.

---

[3] The board treats Mr. Grove as being a member of Class A and, therefore, Section 401(1)(a) of the Code, *formerly* 71 P.S. §1725-401(1)(a) applies.

[4] Two additional components comprise the state annuity portion of the superannuation retirement allowance for a member of Class A under Section 401(1)(a) but are not relevant to our discussion:

(iii) A prior service component applicable to original members of one one-hundredth (1/100) of his final average salary for each year of prior service.

(iv) In the event of superannuation retirement after April 18, 1952, a minimum allowance component equal to the amount, if any, by which the superannuation retirement allowance otherwise payable is less than one thousand two hundred dollars ($1,200), provided the contributor has twenty-five (25) years or more of credited service in the Commonwealth or if less than twenty-five (25) years of such service, then such proportional amount of one thousand two hundred dollars ($1,200) as the years of such credited service bear to twenty-five (25) years.

Grove was employed by the Pennsylvania Department of Highways from August, 1946 until March 7, 1970. Before his employment with the state, he served in the United States Army from March 27, 1942 until his honorable discharge on January 28, 1946. In 1966, while in state employment, Grove was advised of his right to purchase credit for his military service by the payment of certain monies into the retirement fund pursuant to Sections 207(5)[5] and 302(2)(k)[6] of the Code. At that time Section 207(5) read as follows:

*Section 207.* Credit for Military Service.—

. . . .

(5) Any State employe who is a contributor and who served in the armed forces of the United States subsequent to September 16, 1940, and who was not a State employe prior to such period of military service and who commenced State employment within three (3) years from date of release from active duty, shall be entitled to have *full credit* for each year or fraction thereof not to exceed five (5) years of the service in the armed forces of the United States upon his payment to the fund of back contributions according to the provisions of article III, section 302 subsection (2). (Emphasis added.)

As will be mentioned later, Section 207(5) was amended in 1968 in a fashion significant to the outcome of this case. In 1965, and until the 1959 Code was repealed in 1974, Section 302(2)(k) has read:

*Section 302.* Members' Contributions on Account of Past Service.—

. . . .

(2) The following members are entitled to make contributions on account of past service

---

[5] Formerly found at 71 **P.S.** §1725-207(5).

[6] Formerly found at 71 **P.S.** §1725-302(2)(k).

according to the provisions of subsection (1) of this section:

. . . .

(k) Any State employe entitled to credit for military service under the provisions of article II, section 207 subsections (4) and (5) shall pay into the retirement fund (a) an amount equal to the contributions which would have been collected from him had he been in State service during the period he served in the Armed Forces of the United States computed with reference to the compensation he received upon entry into State service and his current percentage of salary deductions, and (b) an additional amount as the equivalent of the contributions of the Commonwealth on account of such military service. Such back payments may be paid in a lump sum or by installments as may be approved by the retirement board.

By letter dated February 15, 1967, the board informed Grove that the amount he should pay as his member's share contribution was $319.70 and as the state's share contribution, $465.93. Grove paid these amounts. Upon his retirement on March 7, 1970, Grove received an annuity which was computed to include credit for his prior military service within the basic component of the state annuity and the member's annuity. The computation did not however include the equalizing component described in Section 401(1)(a)(ii).[7]

Grove contends that Section 207(5) of the Code requires that he be given "full credit" for prior military service and that "full credit" must be held to include not only credit for the member's annuity and the

---

[7] Although Grove retired in 1970 and his annuity computed at that time, he was not affforded notice of a hearing or an opportunity to be heard and, therefore, no valid adjudication was ever rendered in this case until the board's decision of July 22, 1981.

basic component part of the state annuity, but also the equalizing component of the state annuity. In further support of his right to the application of the equalizing component to his annuity Grove contends that state employees with intervening military service—those who worked for the state, entered the armed forces, and then returned to state employment—receive credit for the equalizing component in the computation of their allowances, while under the board's practice a state employee who served in the military before beginning state employment does not receive such credit. The petitioner contends that this denial of equalization to the persons who served in the military before entering state service is invidious and a result the Legislature clearly never intended.

We have great difficulty understanding the contentions of the board in its written argument except to note that the board somehow believes that Section 302(2)(k) is controlling and the lack of an equalizing component in Section 302(2)(k) precludes the use of an equalizing component in the computation of Grove's retirement benefits. The equalizing component, if applicable, is not applied until the contributor reaches retirement at or after the superannuation retirement age and is used in the computation of the contributor's benefits. The equalizing component would not be applied, as the board appears to argue, in Section 302 (2)(k) which section is solely concerned with the contributions which a state employee must provide if he wants to receive credit for military service. The equalizing component is simply a device by which the member's annuity is made equal to the state annuity upon the member's retirement, not when he makes contributions; it would seem to have no logical place in Section 302(2)(k).

The board acknowledges that the retirement allowances of state employees who are employed by the

state prior to their military service, thereafter resume state employment and make contributions to the retirement system on account of their military service are entitled to have their annuities computed with the inclusion of the equalizing component in Section 401(1)(a)(ii). At a time before Grove retired, Section 207(5) of the Code, as it appears earlier in this opinion was amended by adding the phrase ''or returned'' as a category of persons with military service entitled to full credit. Section 207(5) as amended therefore reads:

> (5) Any State employe who is a contributor and who served in the armed forces of the United States subsequent to September 16, 1940 and who commenced *or returned* to State employment within three (3) years from date of release from active duty, shall be entitled to have full credit for each year or fraction thereof not to exceed five (5) years of the service in the armed forces of the United States upon his payment to the fund of back contributions according to the provisions of article III, section 302 subsection (2). (Emphasis added.)

The board's hearing examiner in this case justified the disparity in treatment of employees with intervening military service and those with prior military service as based on the policy of encouraging those with intervening service to re-enter the employment of the state. However, the plain language of Section 207(5) after it was amended treats both classes the same—it accords both full credit. Assumed concepts of public policy should not be pursued in the face of unambiguous statutory provisions. 1 Pa. C. S. §1921(b). *See Hunsicker v. State Employees Retirement Board,* 28 Pa. Commonwealth Ct. 596, 600, 370 A.2d 397, 399 (1977). Since full credit for a state employee with intervening service means an annuity enhanced by the

equalizing component, a state employee with prior military service, who is also entitled to full credit, would seem to be entitled to the same benefit.

It will be remembered that Section 401(1)(a)(ii) defines the equalizing component as an "amount, if any, by which the member's annuity is less than the State annuity attributable to *contributory service.*" (Emphasis added.) Contributory service is defined in Section 206 of the Code as:

> service subsequent to December 31, 1924 on account of which contributions required under this act to secure such credit are held to the credit of the contributor in the members' annuity savings account.

Prior service is defined in Section 205 as:

> service of an original member completed not later than December 31, 1923, and in the case of other persons who become State employes by amendments to State Employes' Retirement Statute shall consist of all service completed prior to the date of becoming eligible to be a contributor.

The hearing officer noted that Section 401(1)(a)(ii) describes the equalization component as the amount by which the member's annuity is less than the state annuity "attributable to contributory service" and that military service prior to becoming a state employee does not constitute contributory service, but rather prior service. The hearing officer reasoned that Section 206 defines contributory service as service on account of which contributions made by contributors are held in the members' annuity savings account; that Section 607 of the Code[8] defines the members' annuity savings account as a ledger account to which is credited the amounts of salary deductions in accord-

---

[8] Formerly found at 71 **P.S.** §1725-607.

ance with Section 301; and, that Section 301[9] is concerned with members' contributions on account of current service as contrasted with Section 302 which concerns contributions on account of past service and decided that contributory service therefore refers only to service performed by a person while making contributions on account of current service. This reasoning is ingenious; but it disregards the special provision of the Code, Section 207(5) entitling persons with military service, including prior service, to full credit, which, we conclude, expressly confers the benefit of the equalizing component on all service people.

Furthermore, had the Legislature intended that the equalizing component not apply to individuals with prior military service there would be language in Section 207(5) to that effect. In subsections 204(6) and (6.1) of the Code, the Legislature states specifically that certain state employees who had been employed by the United States Employment Service are to be excluded from the benefit of the equalizing component in the computation of their annuities upon retirement:

> In the case of such State employe, the period of service during which he was employed by the United States Government *shall not be included in determining the equalizing component on retirement* under the provisions of article IV, section 401 subsection (1) paragraph (a) clause (ii). (Emphasis added.)

Section 204(6.1) of the Code, *formerly* 71 P.S. §1725-204(6.1). Hence, when the Legislature intended to exclude a class of members from the advantage of the equalizing component in the computation of benefits, it did so with specificity. It has not done so in the case of a member's military service and, on the contrary, has assured them of full credit for such service.

---

[9] Formerly found at 71 P.S. §1725-301.

We reverse the order of the board and remand the record to the board for a recomputation of Mr. Grove's retirement allowance to include the equalizing component descried in Section 401(1)(a)(ii) of the Code for his prior military service. Jurisdiction is relinquished.

### Order

And Now, this 14th day of April, 1983, the order of the State Employes' Retirement Board, dated July 22, 1981, is reversed and the case is remanded for a recomputation of the petitioner's retirement allowance to include the equalizing component described in Section 401(1)(a)(ii) of the State Employes' Retirement Code for his prior military service. Jurisdiction is relinquished.