Irene A. Leavey, Administratrix of the Estate of William J. Leavey, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board, Respondent.

Argued September 14, 1983, before Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*Lee H. Roberts,* for appellant.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, February 3, 1984:

This case comes before us on appeal by the Estate of William J. Leavey, a deceased college professor, from a denial by the State Employees' Retirement System Board of the request by the Estate for death benefits and state contributions toward the retirement of the decedent. We will affirm.

Dr. William J. Leavey was hired as a college professor at Lock Haven State College on August 24, 1968. He died on March 17, 1978, at age 54, having been granted on March 21, 1977, sabbatical leave consisting of 18 weeks during the summers of 1978 and 1979. Because of his untimely death, the decedent had not acquired ten years of credited service as either a member of the state or public school employees' retirement systems. Decedent did not attempt prior to his death to purchase additional service time based on military service. The hearing examiner who took testimony on September 9, 1981, and the Board in its decision of January 27, 1982, ruled that the decedent, having failed to acquire ten eligibility points prior to his death, had no vested right to retirement benefits and that, since unused sabbatical leave could not be considered in extending his service credit, and since military service credit must be purchased and paid for during the lifetime of the pensioner, the claim of the decedent's estate for death benefits and state contributions must be denied. We agree.

While Appellant presents several options with regard to the use of sabbatical leave time for pension purposes, we believe that all of them turn on the single question of whether or not sabbatical leave time can be used to increase creditable service for pension purposes when the sabbatical leave has not been consummated by the recipient thereof and the contributions required for such periods of creditable service have not been paid prior to death.

Section 5309 of the State Employees' Retirement Code (Code), 71 Pa. C. S. §5309, provides that "[a]ny member who terminates state service with ten or more eligibility points shall be eligible until attainment of superannuation age to vest his retirement benefits." Section 5307 of the Code, 71 Pa. C. S. §5307, in turn, provides in pertinent part that "[a]n active member of the system shall accrue one eligibility point for each year of credited service of the State or the Public School Employees' Retirement System. . . ."

Appellant takes the position that sabbatical leave, once granted, is a vested right belonging to the employee which survives him and may be claimed by the personal representative of his estate. Unfortunately, this argument must fail since he did not live long enough to serve the sabbatical leave time, and eligibility points (a point being one year) are defined in the act as "[p]oints which are accrued by an *active member* . . . in the Public School Employees' Retirement System. . . ." Section 5102 of the Code, 71 Pa. C. S. §5102. The term "active member," was defined at the time of the decedent's death as "[a] State employee who is contributing to the fund or a member on leave without pay for whom authorized contributions are being made to the fund." Section 5102. Further, the date of termination of service was defined as "the last day of service for which an active member makes contributions. . . ." Section 5102. We agree with the view of the examiner that only an *active member* or a State Employee who was contributing to the fund may continue to accrue eligibility points or parts of eligibility points and that once service for the Commonwealth terminates, the determination of the number of eligibility points must be made and that future service cannot be considered. As the hearing examiner points out, it is idle for Appellant to contend that actual service is not necessary to establish eligibility for vesting

and that only "credited service time" is required. Credited service is defined in Section 5102 as being "State or creditable nonstate service for which the required contributions have been made or for which salary deductions or lump sum payments have been agreed upon in writing." As pointed out by the Hearing Examiner in the instant case, no contributions had been made for the sabbatical leave time nor had they been agreed upon. Hence, "credited service" is not available to decedent's estate.

Furthermore, again as pointed out by the Hearing Examiner, the employment contract provides clearly "that the credited time for the vesting of sabbatical leave rights can only accrue while on such leave." Appellant relies upon the opinion of an arbitrator that a retrenched (fired) employee maintained a vested right to sabbatical leave, but the arbitrator then specifically pointed out that he was making no finding "with respect to the earned right to sabbatical leave for employees who resign, retire or are discharged. These are different questions, not at issue here." In any event, as Appellant concedes, the tacking of the sabbatical period would still not provide the full ten years of service required for vesting of the pension rights which the Estate claims.

We turn to the question of whether or not the decedent's estate may now exercise decedent's right to purchase and receive credit for his military service approximating four years. Apparently, Appellant does not contest the fact that military service may only be availed of by an "active member" of the Retirement System, but she contends, nevertheless, that the Estate should be free to exercise the decedent's lifetime right since the decedent had not paid his contributions for the sabbatical which would be due from him on wages not yet paid for the sabbatical. In making such additional contributions, he would have the

126

right to include in such additional contributions the amounts due in order to purchase military time. Since we have decided that there is no right to accrue sabbatical time, Appellant's contention with regard to military service time must fail.

ORDER

Now, February 3, 1984, the order of the State Employes' Retirement Board in the above-captioned matter dated January 27, 1982, is affirmed.