580 A.2d 422

**Victor WRIGHT, Petitioner,**

**v.**

**STATE EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 22, 1990.

Decided Aug. 20, 1990.

Reargument Denied Oct. 19, 1990.

Victor Wright, petitioner, for himself.

Richard D. Michlovitz, Asst. Counsel, Harrisburg, for respondent.

John M. Elliott, with him, Katherine A. Newell, Colleen A. Holt and Stella M. Tsai, Elliott, Mannino & Flaherty, P.C., Philadelphia, for intervenor, Delaware River Port Authority.

Before COLINS and PALLADINO, JJ.; and BLATT, Senior Judge.

BLATT, Senior Judge.

Victor Wright (claimant) petitions for review of an order of the State Employees' Retirement Board (Board) which denied his request to purchase state service credit for his period of employment from November 17, 1971 through April 26, 1978.

The claimant served as Pennsylvania Counsel to the Delaware River Port Authority (DRPA) from November 17, 1971 to April 26, 1978. During this period, he also engaged in private practice as a partner in a Philadelphia law firm. All checks tendered by DRPA to the claimant as compensation for services rendered by him and other members of his firm were remitted to the firm.

From November 17, 1971 until April 18, 1973, the claimant was enrolled as a member in the State Employees' Retirement System (SERS), and DRPA made the proper deductions and contributions to SERS on his behalf. He was also carried on DRPA's regular payroll during this

period. On April 18, 1973, however, DRPA's Board of Commissioners adopted a resolution altering the claimant's compensation structure.[1] Effective January 1, 1973, the claimant received a retainer and salary of $18,000 per year which was distributed to his firm on a fee basis for time expended at specified hourly rates by partners, associates and clerks. Also, as of April 18, 1973, DRPA ceased making employer retirement contributions to SERS on the claimant's behalf and ceased deducting employee retirement contributions from his compensation. The claimant subsequently withdrew his accumulated deductions from the State Employees' Retirement Fund by executing and filing an Application For Return Of Contributions. By letter dated April 26, 1978, he submitted his resignation as Pennsylvania Counsel to DRPA.

Upon becoming an employee of the State Securities Commission in November, 1986, the claimant applied to SERS for the purchase of credit for his service as Pennsylvania Counsel to DRPA. SERS granted his request for the period of service from November 17, 1971 to April 18, 1973, but denied his request for the remainder of his tenure at DRPA. The claimant appealed the denial and following a hearing, the Board concluded that SERS properly denied the claimant's request to purchase credit for the period of service from April 19, 1973 to April 26, 1978, but erred in granting his request for the period of service from November 17, 1971 to April 18, 1973. It is from this order of the Board that the claimant appeals to this Court.[2]

Our task is to determine whether the Board correctly denied the claimant's request to purchase credit for the years he served as Pennsylvania Counsel to DRPA. We

1. The record reflects that the claimant was previously paid a fixed salary on a bi-weekly basis.

2. Our scope of review is limited to determining whether constitutional rights have been violated, errors of law committed, or whether findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

shall first consider the claimant's period of service from November 17, 1971 to April 18, 1973.

In overruling SERS' initial grant of the claimant's request to purchase credit for the period of service from November 17, 1971 to April 18, 1973, the Board held that the claimant was an independent contractor and thus precluded from participating in SERS. The clear language of Section 5102 of the "State Employees' Retirement Code" (Code)[3] requires us to reject this conclusion.

Section 5102 of the Code defines "State employee" as follows:

Any person holding a State office or position under the Commonwealth, employed by the State Government of the Commonwealth, in any capacity whatsoever, except an independent contractor or any person compensated on a fee basis, and shall include members of the General Assembly, and any officer or employee of the following:

. . . .

(2) [T]he Delaware River Port Authority ... provided the commission or authority agrees to contribute and does contribute to the fund, from time to time, the moneys required to build up the reserves necessary for the payment of the annuities of such officers and employees without any liability on the part of the Commonwealth to make appropriations for such purposes. . . .

71 Pa.C.S. § 5102.

Under the Statutory Construction Act of 1972 (Act), 1 Pa.C.S. §§ 1501–1991, the words contained in a statute are construed according to their common usage. 1 Pa.C.S. § 1903. Furthermore, all provisions of a statute must be given effect if possible, 1 Pa. C.S. § 1921(a), and the letter of the law controls, rather than the intent, if the words of the statute are clear and free from ambiguity. 1 Pa. C.S. § 1921(b).

The record reveals that from November 17, 1971 to April 18, 1973, the claimant was carried on DRPA's regular

3. 71 Pa.C.S. § 5102.

payroll and enrolled in SERS. The record further shows that during this period, DRPA made the proper retirement contributions to SERS on the claimant's behalf. Applying these facts to the clear, unambiguous language of Section 5102 convinces us that during the period in question, the claimant was a "state employee" and thus entitled under the Code to purchase state service credit. Moreover, contrary to the Board's assertion, we believe that the evidence of record fails to establish that the claimant provided legal services to DRPA in the capacity of an independent contractor during the period in question.

We now turn our attention to the claimant's remaining period of service as Pennsylvania Counsel to DRPA. As previously indicated, DRPA's Board of Commissioners adopted a resolution on April 18, 1973 which significantly altered the claimant's compensation structure. Pursuant to this resolution, he no longer received a fixed salary on a bi-weekly basis. Rather, he was put on retainer which was distributed to his firm on a *fee basis* for time expended by partners, associates and clerks at specified hourly rates. Of equal importance is the fact that as of April 18, 1973, DRPA ceased making employer retirement contributions to SERS on the claimant's behalf. When these facts are applied to Section 5102 of the Code, the proper conclusion is that the claimant ceased to be a "state employee" within the parameter of the Code. We, therefore, hold that the Board correctly denied the claimant's request to purchase state service credit for his period of employment from April 19, 1973 to April 26, 1978.

Accordingly, we reverse that portion of the Board's order denying the claimant's request to purchase service credit for his period of employment from November 17, 1971 to April 18, 1973, and affirm that portion of the Board's order denying the claimant's request to purchase service credit for his period of employment from April 19, 1973 to April 26, 1978.

## ORDER

AND NOW, this 20th day of August, 1990, we reverse that portion of the Board's order in the above-captioned case which denied the claimant's request to purchase service credit for his period of employment from November 17, 1971 to April 18, 1973, and affirm that portion of the Board's order denying the claimant's request to purchase service credit for his period of employment from April 19, 1973 to April 26, 1978.