**Donald M. ROWAN, Petitioner,**

v.

**PENNSYLVANIA STATE EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.
Decided Nov. 15, 1996.

Michael J. Romance, Frackville, for Petitioner.

Harold E. Dunbar, Harrisburg, for Respondent.

Before SMITH and FLAHERTY, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Donald M. Rowan petitions for review of an order of the Pennsylvania State Employes' Retirement Board (Board) that denied his request to purchase service credit for the periods of time while he was disabled due to a work-related injury and was receiving workers' compensation benefits. Rowan contends that the Board erred in determining that he was not entitled to purchase service credit for the periods during which he received workers' compensation benefits from November 24, 1982 through June 6, 1983 and from October 14, 1983 through July 10, 1986.

I

Rowan first became a member of the State Employes' Retirement System (SERS) on September 9, 1955 by virtue of his employment with the Department of Transportation. On May 3, 1982, Rowan began working for

the Pennsylvania Turnpike Commission. During the course of his employment, Rowan sustained a compensable injury; he received workers' compensation benefits for the periods November 24, 1982 through June 6, 1983 and October 14, 1983 through July 10, 1986. Rowan commuted the remainder of his workers' compensation benefits on July 10, 1986, and thereafter Rowan terminated his employment with the Turnpike Commission. During the periods Rowan received workers' compensation he did not work or make any contributions to the SERS, and the Turnpike Commission did not inform Rowan that during these periods no contributions were made on his behalf to the SERS.

After leaving the Turnpike Commission, Rowan obtained employment with the Department of the Treasury and sought an administrative hearing on his request for credit for the periods during which he received workers' compensation. A hearing was held before a hearing examiner who denied Rowan's request to purchase service credit. The Board denied Rowan's appeal, concluding that no provision of the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5101–5956, permitted Rowan to receive retirement credit for the periods he collected workers' compensation; no equitable basis existed for granting Rowan's request; the SERS had no duty to inform a Commonwealth employee on workers' compensation that the employee's employer would not make retirement contributions during the period the employee remained on workers' compensation; and Rowan failed to state a cognizable due process claim.[1]

Rowan cites *Wright v. State Employees' Retirement Board*, 135 Pa.Cmwlth. 95, 580 A.2d 422 (1990), *appeal denied*, 527 Pa. 660, 593 A.2d 429 (1991), for the proposition that as a state employee, he should be entitled to purchase service credit under the Retirement Code. To support his position, Rowan relies

on *Shafer v. State Employes' Retirement Board*, 667 A.2d 1209 (Pa.Cmwlth.1995), where a professor was allowed to purchase nonstate service credit for the period of time he spent in a foreign country, and *Hunsicker v. State Employes' Retirement Board*, 28 Pa. Cmwlth. 596, 370 A.2d 397 (1977), where a state employee was allowed to purchase credit for time spent in military service. Rowan maintains that to allow a state employee who serves in another state or in the military the opportunity to purchase credit for that service while denying the same right to Rowan, who would have continued to work for this state had he not been injured on the job, is totally arbitrary, extremely unfair and equitably unjust.

In contrast, the Board contends that a state employee has rights to retirement benefits only to the extent that those rights are defined in the Retirement Code. The Board cites *Bittenbender v. State Employees' Retirement Board*, 154 Pa.Cmwlth. 11, 622 A.2d 403, 405 (1992), where the Court stated that the SERS is entirely a creature of the legislature, and therefore "an employee has only those rights created by statute *and none beyond it.*" (Emphasis added.) In *Bittenbender* the Court held that the Board cannot be equitably estopped from asserting a statutory provision to correct an error made by an SERS employee in determining benefits due a member, beneficiary or survivor annuitant.[2]

■■■■ Rowan contends that because the Turnpike Commission had no objection to his purchase of service credit for the periods in question, the Board is estopped from denying him this right. However, neither the Turnpike Commission nor any other state agency has the statutory authority to bind the SERS to accept a request to purchase service credit where the claimant is not so entitled. *Watrel v. Department of Education*, 513 Pa. 61, 518 A.2d 1158 (1986). *See also Costanza v. De-*

---

1. This Court's scope of review is limited to determining whether the Board's necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law or whether constitutional rights were violated. *Hopkins v. Public School Employes' Retirement Board*, 674 A.2d 1197 (Pa.Cmwlth.1996).

2. *See also Hughes v. Public School Employes' Retirement Board*, 662 A.2d 701 (Pa.Cmwlth.), *appeal denied*, 542 Pa. 678, 668 A.2d 1139 (1995) (claimant was not entitled to assert estoppel or other equitable relief because the Retirement Code mandates that the Board correct any errors in its records).

*partment of Environmental Resources,* 146 Pa.Cmwlth. 588, 590, 606 A.2d 645, 646 (1992) ("Any power exercised by an administrative agency must be conferred by statute. . . ."). Accordingly, the Board has no authority to grant equitable relief in contravention of the statutory mandates of the Retirement Code.

## II

■ In view of the foregoing, Rowan's claim for retirement credit for the time he received workers' compensation benefits must be based on a specific provision of the Retirement Code. The Board correctly asserts that there is no such statutory provision. Under Section 5102 of the Retirement Code, *as amended,* 71 Pa.C.S. § 5102, "[c]redited service" is defined as either "[s]tate or creditable nonstate service [3] for which the required contributions have been made . . . or for which salary deductions or lump sum payments have been agreed upon in writing." In *Watrel,* the Supreme Court held that once a state employee ceased to be an active member, the employee was no longer entitled to retirement credit under the Retirement Code. Similarly, in *Leavey v. State Employes' Retirement System,* 80 Pa. Cmwlth. 122, 471 A.2d 147 (1984), this Court stated that only an "active member" or a state employee who was contributing to the fund might continue to accrue service credit.

In the present case, no contributions were made to the SERS for the periods during which Rowan received workers' compensation benefits. Rather, during these periods Rowan more closely fit the definition of an "[i]nactive member," which Section 5102 describes as "[a] member for whom no pickup contributions are being made . . . but who has accumulated deductions standing to his credit in the fund and who is not eligible to become or has not elected to become a vestee or has not filed an application for an annuity."

**3.** Pursuant to Section 5304(c) of the Retirement Code, *as .amended,* 71 Pa.C.S. § 5304(c), creditable nonstate service is limited to eight enumerated categories, none of which allows credit for time an employee receives workers' compensa-

The Board noted that the legislature has recognized specific circumstances where a state employee may be absent from his or her job but may still receive credit for state service. Section 5302(b) of the Retirement Code, *as amended,* 71 Pa.C.S. § 5302(b), limits those exceptions to an employee on leave without pay who is studying under a federal grant, an employee performing temporary service for another government unit under the Intergovernmental Personnel Act of 1970 [4] or an active member on paid leave for purposes of serving in a statewide collective bargaining organization. The legislature did not grant an exception for individuals receiving workers' compensation benefits.

■ Rowan further contends that he was denied due process because he was never informed by either the SERS or the Turnpike Commission that contributions to the SERS would cease while he received workers' compensation benefits. Rowan maintains that his retirement counselor had a statutory duty to advise him that contributions were no longer being made to the SERS and that, had Rowan known this fact, he would have made contributions on his own. In *Bittenbender* the Court rejected a similar constitutional argument, noting that the claimant had no contractual rights that he was deprived of by a lack of due process.

As in *Bittenbender,* Rowan's rights to retirement benefits are created in the Retirement Code and do not extend beyond it. Rowan had no right to purchase service credit for the time he received workers' compensation benefits, and, consequently, Rowan cannot claim a property interest in retirement benefits for this period or that he was deprived of a contractual right by the lack of due process. Furthermore, Rowan was afforded a full hearing before the Board on his claim as required by Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504; *Bittenbender.* The order of the Board is therefore affirmed.

tion. In any event, Rowan does not claim credit for nonstate service.

**4.** 5 U.S.C. §§ 1304, 3371—3376 (1996); 42 U.S.C. §§ 4701—4772 (1996).

## ORDER

AND NOW, this 15th day of November, 1996, the order of the Pennsylvania State Employes' Retirement Board is affirmed.