Francis M. TRAKES and Gertrude Zebraski, Petitioners,

v.

PUBLIC SCHOOL EMPLOYES' RETIREMENT SYSTEM, Respondent.

Phyllis M. Strawn, Petitioner,

v.

Public School Employes' Retirement System, Respondent.

Earl M. Stidard, Jr., Petitioner,

v.

Public School Employes' Retirement System, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 10, 2000.

Decided Jan. 8, 2001.

Charles L. Herring, Ambler, for petitioners, F. Trakes and G. Zebraski.

Debra K. Wallet, Camp Hill, for petitioner, P. Strong.

Charles K. Serine, Harrisburg, for respondent.

Before COLINS, Judge, PELLEGRINI, Judge and NARICK, Senior Judge.

NARICK, Senior Judge.

Francis M. Trakes (Trakes), Gertrude Zebraski (Zebraski), Phyllis M. Strawn (Strawn), and Earl M. Stidard (Stidard), (collectively, Claimants) appeal from an order of the Pennsylvania Public School Employes' Retirement Board (Board) denying their respective applications for disability annuity benefits pursuant to § 8307 of the Public School Employee's Retirement Code (Retirement Code). 24 Pa.C.S. § 8307. Given that Claimants in the above captioned matters raise a common issue, this Court consolidated these appeals by order dated September 20, 1999 for collective disposition. The mutual question presented by Claimants is whether 22 Pa. Code § 211.2 (regulation § 211.2), issued pursuant to the Retirement Code, provides active member status in the Pennsylvania Public School Employes' Retirement System (PSERS) to public school employees that are off work while receiving workers' compensation benefits. For the reasons set forth herein, we affirm.

In the interests of clarity, we shall first review the facts relevant to each Claimant followed by a review of the relevant provisions of the Retirement Code and discussion of the common issue pertaining to regulation § 211.2. Thereafter, we shall address the additional arguments presented by each Claimant.

PSERS is a statutory program that requires both employers and employees make contributions toward each participating employee's account to establish a re-

tirement annuity upon which the employee may draw benefits once retired or disabled. 24 Pa.C.S. §§ 8101–8534. Claimants were PSERS participants at the time they sustained their respective work-related injuries for which they received workers' compensation benefits.

Claimant Trakes became a PSERS member on October 19, 1971 when he accepted a position with the Schuylkill County Area Vocational and Technical School. On February 10, 1992, Trakes sustained a work-related foot injury for which he began receiving workers' compensation benefits. Trakes' last day of service in PSERS was March 30, 1993 the date on which he began an unpaid leave of absence and last made contributions to his account. Trakes seeks service credit for the time period that he was on leave from March 30, 1993 through February 1998. Trakes filed an application for disability retirement benefits on July 25, 1996 and also made a request to purchase military service credit. By letter dated April 21, 1997, PSERS denied Trakes' disability retirement benefit requests. The Board then granted Trakes' request for an administrative hearing.

Claimant Zebraski became a PSERS member in February 1976 when she accepted a position with the Norristown Area School District. In 1988, Zebraski sustained a work-related injury for which she began receiving workers' compensation benefits. Pursuant to the collective bargaining agreement between the school district and Zebraski's union representative, the school district paid Zebraski her full salary in exchange for her workers' compensation disability check. During the entire period Zebraski was off work due to injury, the school district reported to PSERS that she was on full paid leave and made its and Zebraski's contributions to her PSERS account. In March 1995 the school district inquired whether PSERS limits service credit for absence due to injury. By letter dated November 15, 1995, PSERS responded that workers' compensation can only be reported if it is paid leave and qualifies under PSERS' special sick leave policy. PSERS determined that 5.5 years of Zebraski's leave did not qualify for service credit, reduced her credited service from 19.5 years to 14.0 accordingly, and remitted the school district's corresponding pickup contributions from her account.[1] Zebraski applied for disability retirement benefits in April 1997, which PSERS subsequently denied. The Board then granted Zebraski's administrative hearing request.

Claimant Strawn became a PSERS member in September 1976 after accepting a position with the Bedford Area School District. On September 10, 1981, Strawn sustained a work-related back injury for which she began receiving workers' compensation benefits. In January 1983 the school district reported Strawn on unpaid leave for several weeks and after a short return to active service she again reported on unpaid leave in February 1983. Strawn remained off work on workers' compensation disability until her benefits were commuted and a stipulation of settlement was entered on November 9, 1986. In January 1985, while still on workers' compensation disability, Strawn met with a PSERS representative regarding her retirement benefits. Strawn asserts, and PSERS denies, that this representative instructed Strawn that she would receive a larger benefit if she waited until age sixty-two (62) or sixty-five (65) to draw on her retirement account. In February 1985, two years after her last contribution as an active member, the Board designated Strawn as a nonmember following the expiration of her two-year classification as an inactive member. Thereafter, in April 1997, Strawn applied for disability retirement benefits. By letter dated April 15, 1997, PSERS

---

1. Section 8102 of the Retirement Code defines "pickup contributions" as: regular or joint member contributions which are made by the employer for active members for current service on and after January 1, 1983. 24 Pa.C.S. § 8102.

denied Strawn's retirement benefit request. The Board then granted Strawn's administrative hearing request.

Claimant Stidard became a PSERS member in September 1974 when he accepted a position with the Elizabeth Forward School District. Stidard was on a brief unpaid leave of absence from January 1988 through June 1988 for which he received service credit under the special sick leave policy. Stidard returned to active service in July 1988, which continued until he sustained a work-related injury on March 15, 1991. Stidard remained on workers' compensation disability through 1997 when the workers' compensation authorities classified him as permanently disabled. PSERS records reflect that Stidard's last reported salary occurred in June 1991, which resulted in his two-year disability eligibility period as an inactive member ending on June 30, 1993. During the years 1993 and 1994 Stidard received vacation pay resulting in his employer classifying him as an active employee for this period. Stidard applied for disability benefits on August 16, 1995 while still receiving workers' compensation benefits. By letter dated December 27, 1995, the Appeals Committee of the Board denied Stidard's request, which prompted his application for an administrative hearing. By letter dated December 27, 1995, PSERS denied Stidard's retirement benefit request. The Board then granted Stidard's administrative hearing request.

■ The Board consolidated these administrative appeals for hearing. After the parties presented their respective cases, the Board's hearing examiner issued a recommended opinion and order dated April 21, 1999 in favor of PSERS. The hearing examiner reasoned that Claimants did not satisfy the definitions of either an active member or an inactive member, and

thus did not qualify for disability benefits under the Retirement Code. Following timely exceptions filed by Claimants and PSERS, the Board issued its order in conjunction with a majority and minority opinion on July 21, 1999, which denied the exceptions and found in favor of PSERS' position. Claimants now bring the instant appeal.[2]

■ On appeal, Claimants argue that they are entitled to receive disability retirement benefits as active members pursuant PSERS regulation § 211.2, which provides that public school employees that are off work receiving workers' compensation benefits shall be classified as active members. The Board responds that it has never interpreted regulation § 211.2 to grant workers' compensation recipients active member status and to do so would patently violate several provisions of the Retirement Code. Although the plain language of regulation § 211.2 tends to support Claimants' contention, we find the Board's argument persuasive.

Section 8307(c) of the Retirement Code defines eligibility for a disability annuity as follows:

> An active or inactive member who has credit for at least five years of service shall upon filing of a proper application, be entitled to a disability annuity if ... he becomes mentally or physically incapable of continuing to perform the duties for which he is employed and qualifies for an annuity in accordance with the provisions of section 8505(c)(1) (relating to duties of board regarding applications and elections of members).

24 Pa.C.S. § 8307(c).

Section 8102 of the Retirement Code provides the following relevant definitions:

2. The Commonwealth Court's standard of review in an appeal from a state agency adjudication is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Active member.* A school employee for whom pickup contributions are being made to the fund.

*Inactive member.* A member for whom no pickup contributions are being made ... and for whom contributions have been made within the last two school years....

*Pickup contributions.* Regular or joint coverage member contributions which are made by the employer for active members for current service....

*School employee.* Any person engaged in work relating to a public school for any governmental entity and for which he is receiving regular remuneration....

24 Pa.C.S. § 8102.

■ Thus, reading section § 8307(c) of the Retirement Code in conjunction with the applicable statutory definitions we conclude that the General Assembly intended that in order to be eligible for disability benefits a PSERS member must be either: 1) a school employee that is actively working for regular remuneration and for whom the employer is making regular or joint contributions to the fund for current service; or 2) a member who is not actively working or receiving regular remuneration but for whom regular or joint contributions have been made to the fund within the last two school years. 24 Pa.C.S. §§ 8102, 8307(c).

Regulation § 211.2 promulgated by the Board under the Retirement Code, defines an active member as:

A school employee who is contributing to the fund or for whom authorized contributions are being made thereto, including those granted a sabbatical leave of absence, or who are on an approved leave of absence for professional study or as an exchange teacher under the applicable provisions of the code. *It shall also include those receiving workman's compensation.* It shall exclude employees who are on leave of absence without pay....

22 Pa.Code § 211.2 (emphasis added).

Accordingly, on the face of the Board's regulatory definition of an active member, it would appear that PSERS members would be exempt from the statutory requirements for disability benefit eligibility by virtue of their workers' compensation status. However, the Board asserts that despite the regulation's plain language, it has never interpreted regulation § 211.2 to grant active member status to employees who are receiving workers' compensation. Rather, the Board maintains that it has only interpreted regulation § 211.2 to provide service credit to workers' compensation recipients only through its Special Sick Leave Policy, which states that a member may obtain up to one year of service credit while off work, provided that the employer approves, the member receives at least half pay during the leave, and both the member and employer make PSERS contributions based on the member's full salary. (Board's Brief at 19). The Board argues that its interpretation should prevail over Claimants' given the well-settled tenet that an agency's interpretation of its governing statute and regulations is entitled to great deference. *See West Chester Area School District v. Collegium Charter School,* 760 A.2d 452, 458 (Pa.Cmwlth.2000); *Borough of Pottstown v. Municipal Retirement Board,* 551 Pa. 605, 712 A.2d 741 (1998); *Henkels & McCoy, Inc. v. Department of Labor and Industry, Prevailing Wage Appeals Board,* 143 Pa.Cmwlth. 264, 598 A.2d 1065 (1991), appeal denied, 530 Pa. 667, 610 A.2d 46 (1992).

■ While the plain language of regulation § 211.2 offers support to Claimants' position, we conclude that in addition to being entitled to considerable deference, the Board's interpretation represents the better view. Requiring PSERS to implement Claimants' interpretation would necessitate violation of the statutory scheme expressed in the Retirement Code and im-

pose substantial burdens on employers and workers' compensation recipients. Implementation of Claimants' desired approach, would require PSERS to collect pickup contributions from employers in order to satisfy the requirements for active member status as set forth in 24 Pa.C.S. § 8102. These pickup contributions collected from employers would necessarily include contributions from program participants that are off work due to injury. The Pennsylvania Supreme Court in *Hoerner v. Public School Employees' Retirement Board,* 546 Pa. 215, 227, 684 A.2d 112, 118 (1996), expressly stated that such an approach would violate 24 Pa.C.S. § 8102, which requires that an active member be engaged in active work for regular remuneration.[3] Accordingly, under the statutory scheme set forth by the General Assembly, workers compensation recipients cannot earn service credit because public school employees that are not receiving compensation for actual work performance cannot be classified as active members. 24 Pa.C.S. §§ 8102 and 8307(c).

We further note that this Court addressed the status of workers' compensation recipients within the context of the State Employees Retirement System (SERS) in *Rowan v. State Employes' Retirement Board,* 685 A.2d 238 (1996). SERS and PSERS are similar statutory programs that establish retirement and disability annuity programs for state agency and public school employees, respectively. *Rowan* involved a Turnpike Commission employee that sustained a work-related injury for which he received workers' compensation benefits during intermittent periods that he could not work due to the injury. Neither the claimant nor the Turnpike Commission made contributions to his SERS account during the periods that he did not work. After leaving the Turnpike Commission for other state agency employment, the claimant in *Rowan* sought to obtain service credit for the periods during which he was off work receiving workers' compensation. On appeal from the SERS Board's denial of his service credit claim, this Court held that there was no statutory basis in the SERS retirement code permitting a workers' compensation recipient to receive service credit as an active member. *Rowan,* 685 A.2d at 239–40. This Court observed that the claimant in *Rowan* more closely fit the definition of an inactive member rather than an active member. We also rejected the *Rowan* claimant's public policy argument that is similar to Claimants' argument in the instant matter under regulation § 211.2. *Id.* at 239. Although not controlling due to the separate SERS statute, which is not supplemented with a regulation similar to PSERS regulation § 211.2, we find the *Rowan* analysis instructive given the similarity in the SERS and PSERS statutory schemes. Upon consideration of the holding in *Hoerner,* the guidance provided by *Rowan,* together with the deference to which PSERS' interpretation is entitled, we reject Claimants' interpretation of regulation § 211.2.

Having resolved the common issue raised by Claimants, we shall apply the result to their individual appeals and address the additional issues raised by each Claimant.

*Claimant Trakes*

Claimant Trakes presents three arguments for our consideration. First, Trakes contends that he satisfied the five-year active member service requirement

---

**3.** The Pennsylvania Supreme Court addressed a similar situation in the context of the SERS program in *Watrel v. Department of Education,* 513 Pa. 61, 518 A.2d 1158 (1986). In *Watrel,* a SERS participant convinced his Commonwealth agency employer to continue making his pickup contributions as part of his severance package when he left his employment to take a position in another state. The Supreme Court stated that once Watrel ceased to be an "active member," he was no longer entitled under the SERS retirement code to make contributions to the fund and receive retirement credit. *Id.* at 1162. Given the similarities between the SERS and PSERS retirement statutes, we find the analysis in *Watrel* to be relevant here.

set forth in 24 Pa.C.S. § 8307, and therefore, is entitled to receive a disability retirement annuity. Second, Trakes alternatively argues that even if he cannot satisfy the five-year active member requirement, he qualifies to receive a disability retirement annuity based on his status as a vestee pursuant to 24 Pa.C.S. § 8505(c)(1). Lastly, Trakes asserts that the active member requirement should not be applied to PSERS participants who are receiving workers' compensation and who wish to purchase military credits pursuant to 24 Pa.C.S. § 8304(b).

As presented above, § 8307(c) of the Retirement Code provides that in order to be eligible to collect a disability annuity, an applicant must be "an active or inactive member who has credit for at least five years of service." 24 Pa.C.S. § 8307. Trakes could only satisfy the five-year service requirement if his time spent on workers' compensation were included in his credited service under regulation § 211.2. Having resolved this question in favor of PSERS, we turn to Trakes' second argument.

■ Trakes contends that active or inactive member status is not required in order to apply for a disability annuity under § 8505(c)(1) of the Retirement Code, which relates to duties of the Board regarding applications and elections of members. 24 Pa.C.S. § 8505(c)(1). Trakes contends that under this provision he is eligible for a disability annuity pursuant to his status as a vestee because § 8505(c)(1) refers to a disability annuity "application duly executed by the member," and § 8102 defines a member as an "active member, inactive member, annuitant, or vestee." [4] We reject Trakes' myopic focus on § 8505(c)(1) since eligibility for disability annuities is addressed in § 8307(c) of the Retirement Code, which expressly provides that only an active or inactive member is entitled to a disability annuity, provided said member qualifies for an annuity in accordance with the terms of § 8505(c)(1). 24 Pa.C.S. § 8307. Thus, the "active or inactive member" requirement of § 8307 is made part of the application process under 24 Pa.C.S. § 8505(c)(1). *See Taylor v. State Employes' Retirement System*, 127 Pa.Cmwlth. 606, 562 A.2d 920 (1989). Accordingly, Trakes' status as a vestee in and of itself is not sufficient to satisfy the disability eligibility requirement set forth in 24 Pa.C.S. § 8307.

■ We next turn to Trakes' final argument pertaining to the purchase of military credits pursuant to 24 Pa.C.S. § 8304(b). Trakes maintains that the Board's denial of active status to members off work due to job-related injury works a harsh result because under the Board's interpretation, said members instantly lose their right to purchase military credit when they lose their active member status due to an unexpected injury. Trakes also asserts that the Board's interpretation is unfair because PSERS encourages members to wait to purchase service credit immediately before retirement to enable members to make the lump sum payment for the amount they will be entitled to upon retirement.

We reject both of Trakes' arguments relating to his right to purchase military credit. First, as is made clear in our discussion above, all members who are no longer active members are classified as inactive members for a period of two years during which they may take various actions affecting their retirement and disability benefits including the purchase of service credit. Thus, it is not the Board's "harsh interpretation" that precludes Trakes from purchasing military service credit, but rather, his failure to make such an election during his two-year inactive member period. We also reject Trakes'

---

**4.** Section 8102 of the Retirement Code defines a vestee as "a member with ten or more eligibility points who has terminated school service, has left his accumulated deductions in the fund, and is deferring filing of an application for receipt of an annuity." 24 Pa.C.S. § 8102.

second point since the Board's findings do not support his contention that PSERS encourages its members to wait to purchase service credits. Indeed, the record contains a stipulation of the parties stating that anyone who is interested in purchasing credit for prior military service has the *option to wait* until their retirement time so that they can offset the purchase with the exchange of their lump sum purchase. (Notes of Testimony (N.T.) at 181, R.R. at 479a). Accordingly, the Board did not err in denying Trakes' request to purchase past military credit.

*Claimant Zebraski*

Zebraski presents three issues for our consideration. First, Zebraski asserts that the Board erroneously removed 5.5 years of service credit on the basis that she was not an active member while off work due to a work injury. Second, Zebraski presents the alternate claim that she qualifies for active member status during this 5.5 year period because she was on an approved leave of absence. Third, Zebraski maintains that should this Court find against her, the Board must be required to refund her portion of her pickup contributions.

Regarding Zebraski's first argument, the Board reduced Zebraski's service credit from 19.5 years to 14.0 years after determining that this time had erroneously been credited to her account on the mistaken understanding that she was on an approved leave of absence. The school district paid Zebraski's full salary in exchange for her workers' compensation disability check pursuant to its collective bargaining agreement (CBA) with the teacher's union. Also pursuant to the CBA, the school district made Zebraski's full pickup contributions and reported to PSERS that she was on a leave of absence while off work due to injury. Zebraski contends that she qualified for a leave of absence pursuant to § 8302(b)(1) and (2) of the Retirement Code.[5]

■ We conclude that the Board properly denied Zebraski's application based on the above discussion pertaining to regulation § 211.2. Specifically, Zebraski cannot qualify as an active member during the period she was off work receiving workers' compensation disability even though her pickup contributions were fully paid. In addressing this question in the context of both the PSERS and SERS retirement programs, our Supreme Court stated that active member status requires more than simply the payment of pickup contributions, it requires actual work for which compensation is paid. *Hoerner,* 546 Pa. at 227, 684 A.2d at 118; *Watrel,* 513 Pa. at 67, 518 A.2d at 1161.

■ Turning to Zebraski's second argument, we agree with PSERS' contention that participants who are off work due to workers' compensation disability do not qualify for an approved leave of absence under 24 Pa.C.S. § 8302(b)(1) and (2). Section 8102 of the Retirement Code defines an approved leave of absence as "a leave of absence for activated military service or which has been approved by the employer for sabbatical leave, service as a teacher, service with a collective bargaining organization or professional study." 24 Pa.C.S. § 8102. A leave of absence for a work-related injury does not fit within this definition. Since Zebraski does not qualify for an approved leave of absence, she is further barred from making contributions to her account because § 8302 of the Retirement Code states that when a member is not actively working, PSERS may only accept pickup contributions on behalf of members that are off work on an

---

**5.** Section 8302(b)(1) and (2) of the Retirement Code provides as follows:

An active member shall receive credit for an approved leave of absence provided that: (1) the member returns for a period at least equal to the length of the leave or one year, whichever is less, to the school district which granted his leave, unless such condition is waived by the employer; and

(2) the proper contributions are made by the member and the employer.

24 Pa.C.S. § 8302(b)(1) and (2).

authorized leave of absence. 24 Pa.C.S. § 8302.

■ Lastly, we agree with Zebraski's assertion that in the event we find in favor of the Board, she is entitled to a refund of her portion of the pickup contributions that the school district made to PSERS on her behalf. Zebraski argues that the Board refunded the school district's portion of her pickup contributions but has yet to refund her portion of the pickup contributions. The Board responds that it properly dispersed the entire amount in question (approximately $12,687) in three equal installments to the school district between December 1995 and July 1996. The Board maintains that this action was necessary because of the manner in which the Retirement Code requires PSERS to collect member contributions. Section 8102 states that employers are to collect member contributions and then forward the entire pickup contribution to PSERS. 24 Pa.C.S. § 8102, see footnote one above. Our review of the record supports the Board's assertion that it refunded the entire amount of Zebraski's pickup contributions at issue directly to the school district between December 1995 and July 1996. Accordingly, we agree with the Board's contention that Zebraski must seek reimbursement from the school district rather than the Board.

*Claimant Strawn*

Strawn presents three arguments for our consideration. First, Strawn contends that at the time she met with a PSERS representative in January 1995, she was an active member pursuant to regulation § 211.2 and was entitled to apply for a disability annuity. Second, Strawn asserts that PSERS' representative recommended that she delay applying for her disability

retirement benefit until she reached age 65 and because she relied on this misinformation, the Board should not be permitted to deny her disability retirement benefit. Third, Strawn contends that PSERS failed to provide her notice of the two-year limitation on inactive member status.

■ Initially, we reject Strawn's first argument because, as discussed above, we do not interpret regulation § 211.2 as granting active member status to PSERS participants who are off work receiving workers' compensation disability.[6] Strawn's second appeal issue essentially raises an estoppel argument. Strawn asserts that the Board should not be permitted to deny her disability retirement annuity because she detrimentally relied on the statements of PSERS' representative purportedly informing her that she could obtain a larger retirement benefit if she delayed her application until age 62 or 65. However, this argument is without merit in light of our decision in *Finnegan v. Public School Employees' Retirement Board*, 126 Pa.Cmwlth. 584, 560 A.2d 848 (1989), affirmed, 527 Pa. 362, 591 A.2d 1053 (1991). In *Finnegan* PSERS misinformed a member that she could purchase fifteen years of out-of-state service credit. The member relied on this information and made the decision to retire, which she could not later revoke. However, the Retirement Code restricts service credit purchases of this nature to twelve years resulting in the member receiving substantially reduced retirement benefits. Despite the fact that the member in *Finnegan* relied on erroneous information provided by a PSERS representative, this Court determined that the board could not be estopped from applying the positive law provisions contained in the Re-

---

**6.** Even if Strawn did qualify as an active member as she maintains, she would not have been able to apply for a disability annuity as an active member but would have to first retire from active membership. The Retirement Code defines an annuitant as "any member on or after the effective date of re-

tirement until his annuity is terminated." 24 Pa.C.S. § 8102. Thus, one cannot be an active member and annuitant at the same time given that one must be designated by the Board as a retiree in order to collect an annuity. 24 Pa.C.S. § 8102.

tirement Code. The member's appeal was denied, a determination which our Supreme Court upheld on appeal. *Finnegan v. Public School Employes' Retirement Board,* 527 Pa. 362, 591 A.2d 1053 (1991). On the facts here, we recognize that Strawn's meeting in January 1995 fell within the two-year period during which she was classified as an inactive member and was entitled to apply for disability benefits pursuant to § 8307(c) of the Retirement Code. 24 Pa.C.S. § 8307(c). However, even if the Board had accepted Strawn's version of the meeting with PSERS' representative, which it did not, *Finnegan* requires that the Board apply the positive provisions of the Retirement Code. Consequently, the Board cannot be required to honor the alleged misrepresentation of its agent following the lapse of Strawn's two-year inactive member status pursuant to 24 Pa. C.S. § 8102.

Lastly, Strawn argues that the Board erroneously denied her benefits application because she was not given proper notice of the requirement to apply for disability benefits while she was classified as an inactive member during the statutory two-year period. Strawn contends that if PSERS wishes to impose some deadline on an application for disability retirement benefits, PSERS is required to specifically communicate this fact to its members rather than rely on bulk mailings of handbooks and information bulletins to inform members of such an important restriction. Strawn maintains that under the holding in *Higgins v. Public School Employes' Retirement System,* 736 A.2d 745 (Pa. Cmwlth.1999), proof of actual notice is required and notice through bulk mailings is not sufficient. However, we agree with the Board that *Higgins* is distinguishable from the situation in Strawn's case. *Higgins* involved a specific provision of the Retirement Code, 24 Pa.C.S. § 8506(g), which expressly requires that PSERS notify former SERS members of their right to elect multiple service membership upon gaining PSERS membership through public school employment. This Court concluded in *Higgins* that bulk mailings were not sufficient to comply with this specific statutory requirement to notify members of their right to elect multiple service. The Retirement Code does not contain an equivalent provision requiring that PSERS specifically notify its members of the two-year restriction on their inactive member status as set forth in 24 Pa.C.S. § 8102. If Strawn's approach were followed to its logical conclusion PSERS would be required to provide separate written notice regarding each provision in the Retirement Code that could have an impact on a member's benefits. If the General Assembly had intended to require specific notice of all Retirement Code provisions impacting a member's benefits it easily could have done so. See Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921. It is not for the courts to add, by interpretation, to a statute, a requirement which the General Assembly did not see fit to include. *Hanna v. Public School Employes' Retirement System/Board,* 701 A.2d 800 (Pa.Cmwlth. 1997). Accordingly, we conclude that the Board did not err in denying Strawn's application for disability retirement benefits.

*Claimant Stidard*

Stidard's sole argument on appeal hinges on gaining active member status pursuant to regulation § 211.2. Stidard began receiving workers' compensation benefits in June 1991 and remained on workers' compensation disability through 1997 when he was classified as permanently disabled. Pursuant to our analysis of regulation § 211.2 above, Stidard is not entitled to active member status during the period he was off work receiving workers' compensation benefits. Stidard's two-year status as an inactive member ended in June 1993. Because Stidard waited until August 16, 1995 to apply for a disability retirement benefits, well past the end of his two-year inactive member status, we conclude that

the Board did not err in denying Stidard's application for disability retirement benefits.

Having resolved all appeal arguments in favor of the Board, we hereby affirm the Board's order dated July 21, 1999.

Judge PELLEGRINI concurs in the result only.

### ORDER

AND NOW, this 8th day of January, 2001, the order of the Public School Employes' Retirement Board, dated July 21, 1999, which overruled the exceptions filed by the above captioned petitioners and denied their respective disability retirement requests, is hereby affirmed.