# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter M. Barlow,                        :
                          Appellant   :
                                              :
              v.                        :   No. 1229 C.D. 2017
                                              :   Submitted: September 12, 2018
Liberty Township, Adams County,          :
Pennsylvania; Board of Supervisors       :
of Liberty Township, Adams County,       :
Pennsylvania; John Bostek; Robert        :
Jackson                                  :

**BEFORE:**   **HONORABLE P. KEVIN BROBSON, Judge**
                  **HONORABLE PATRICIA A. McCULLOUGH, Judge**
                  **HONORABLE JAMES GARDNER COLINS, Senior Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: September 28, 2018**

Appellant Walter M. Barlow (Barlow) appeals from an order of the Court of Common Pleas of Adams County (trial court), dated August 23, 2017. The trial court sustained the preliminary objections filed by Liberty Township (Township), the Board of Supervisors of Liberty Township (Board), John Bostek (Bostek), and Robert Jackson (Jackson) (collectively, Appellees) and dismissed Barlow's Amended Complaint with prejudice. For the reasons set forth below, we reverse the trial court's order.

Barlow's Amended Complaint sets forth the following factual averments. Barlow began working for the Township as its only year-round,

part-time road maintenance employee in July 2014. (Reproduced Record (R.R.) at 8a, 16a; Am. Compl. at ¶¶ 6, 38.) Thereafter, in November 2015, Barlow was elected to serve as a Township supervisor for a period of 2 years, commencing on January 5, 2016. (R.R. at 9a; Am. Compl. at ¶ 7.) As of January 5, 2016, the members of the Board were Bostek, Jackson, and Barlow. (R.R. at 16a; Am. Compl. at ¶ 36.) Shortly after assuming his position as Township supervisor, Barlow conducted a comprehensive review of the Township's financial statements and discovered that the Township's treasurer "had been allocating to herself and receiving payments in excess of that to which she was entitled under the terms of her employment." (R.R. at 16a-17a; Am. Compl. at ¶¶ 40-42.) Barlow averred that the misallocations occurred over the course of several years, at a time when both Bostek and Jackson served on the Board and reviewed and approved all of the Township's personnel payments. (R.R. at 17a; Am. Compl. at ¶ 42.)

Barlow averred further that, in September 2016, he informed Bostek and Jackson of the apparent misallocations by the Township's treasurer and recommended that the Board hold a meeting to consider immediate action with respect to the employment of the Township's treasurer, referral of the matter to law enforcement, and a formal audit of the Township's current and past financial statements. (R.R. at 17a; Am. Compl. at ¶ 43.) Barlow averred that Bostek and Jackson rejected his recommendations and informed him that if he "notif[ied] law enforcement or raise[d] the matter publicly, he would face opposition to his candidacy for reelection as [s]upervisor and other negative consequences." (R.R. at 17a-18a; Am. Compl. at ¶ 44.) Notwithstanding Bostek's and Jackson's objections, Barlow ensured that: (1) law enforcement was notified about the apparent misallocations; (2) a motion was made and adopted by the Board to

2

terminate the employment of the Township's treasurer; and (3) after additional discrepancies were uncovered during an audit of Township personnel records in October 2016, a motion was made and adopted by the Board to perform an outside forensic audit of the Township's financial records. (R.R. at 18a-19a; Am. Compl. at ¶¶ 46-47.)

Barlow also averred that, with the intent of harming Barlow for his actions, Bostek and Jackson sought to undermine Barlow's position as Township supervisor and to terminate Barlow from his employment with the Township as a part-time road maintenance employee. (R.R. at 19a-20a; Am. Compl. at ¶¶ 49-50.) Barlow averred that, on March 6, 2017, Bostek and Jackson met with Barlow at what Bostek and Jackson deemed to be an "executive session" of the Board, and informed Barlow that, after a review of the Township's budget, "they had decided to suspend budget appropriations relating to part-time road maintenance, and that as a result [Barlow] would no longer be employed as a part-time road maintenance employee of the Township." (R.R. at 20a-21a; Am. Compl. at ¶¶ 52-53, 57.) Despite Barlow's objections and without further discussion, Bostek and Jackson "voted to adopt the proposal to suspend budget appropriations relating to part-time road maintenance." (R.R. at 21a; Am. Compl. at ¶¶ 55, 58.) Barlow also believed that, prior to March 6, 2017, Bostek and Jackson, without notifying Barlow, met on at least one occasion, during which time they "deliberated and/or decided to suspend budget appropriations relating to part-time road maintenance." (R.R. at 21a; Am. Compl. at ¶ 54.)

Barlow averred further that, after the Township's solicitor advised Bostek and Jackson that the Board's "executive session" likely violated open-meeting laws, Bostek and Jackson directed the Township's secretary to revise

3

the written agenda for the Board's March 7, 2017 regular meeting to add "Road Department Staffing Budget" under the subheading "New Business." (R.R. at 23a; Am. Compl. at ¶¶ 61-63.) Following the commencement of the Board's March 7, 2017 meeting, Bostek opened the meeting for a period of comments by the public followed by a period of comments by the supervisors; no one made any comments regarding the proposal to suspend budget appropriations related to part-time road maintenance during either the public comment period or the supervisor comment period. (R.R. at 24a; Am. Compl. at ¶¶ 66-69.) Barlow averred that, during the discussion of new business, Jackson discussed the Board's determination that "as of February 2017[,] the Township's projected budget was 'falling short' of expectations and that 'from a budget point of view' the Township should 'cut back on our road crew expenses'" and thereafter made a motion for the temporary suspension of the Township's part-time road crew. (R.R. at 25a; Am. Compl. at ¶¶ 72-73.) Barlow averred further that, even though the Board "had, in prior monthly meetings, consistently followed the practice and policy of allowing comments by the public, outside the formal public comment period, on any items of 'New Business,'" Bostek refused to allow public comment on Jackson's motion. (R.R. at 25a-26a; Am. Compl. at ¶¶ 74-77.) Bostek and Jackson voted in favor of the motion, and the motion was adopted; Barlow noted that he did not agree with the motion, but he abstained from the vote. (R.R. at 27a; Am. Compl. at ¶¶ 78-79.)

Barlow also averred that Bostek then made a motion to reclassify Barlow as a temporary part-time employee of the Township, even though the Board did not list the motion on its written agenda or identify the motion in a notice to the public. (R.R. at 27a; Am. Compl. at ¶¶ 82-83.) Barlow averred that Bostek again refused to permit public comment on the motion. (R.R. at 27a; Am. Compl. at ¶ 84.)

4

Bostek and Jackson voted to approve the motion, and the motion was adopted; Barlow noted that he did not agree with the motion, but he abstained from the vote. (R.R. at 27a; Am. Compl. at ¶¶ 85-86.)

Barlow averred further that, on April 28, 2017, Bostek and/or Jackson directed a revision to the written agenda for the Board's May 2, 2017 meeting, adding "Resolution Establishing a Public Comment Policy" and "Proposed Motion" under the subheading "New Business." (R.R. at 28a; Am. Compl. at ¶ 90.) The written agenda provided a description of the "Proposed Motion,"[1] but it did not provide any explanation or description of the "Resolution Establishing a Public Comment Policy." (R.R. at 28a; Am. Compl. at ¶ 90.) At the meeting, Bostek indicated that the Board would consider a motion to adopt the "Resolution Establishing a Public Comment Policy." (R.R. at 29a; Am. Compl. at ¶ 93.) Barlow averred that, despite his and the public's request to table the motion until the Board's next regular meeting so that the text of the resolution could be made available to the public, Bostek called for a vote on the motion. (R.R. at 29a; Am. Compl. at ¶¶ 94-96.) Bostek and Jackson voted in favor of the motion, while Barlow abstained from the vote. (R.R. at 30a; Am. Compl. at ¶ 97.) Bostek then indicated that the Board would consider a motion to adopt the "Proposed Motion" and read the written description set forth in the Board's written agenda to the public.

---

[1] Barlow avers that the revised written agenda for the Board's May 2, 2017 meeting set forth the following description of the "Proposed Motion":

> I move that the Township approve, affirm and ratify:  a) the recognition that any references in any correspondence of March 6, 2017, to an alleged decision being made by the [Board] on March 6, 2017, be withdrawn and nullified; and b) the reclassification of [Barlow] from part-time to temporary status, with work hours and schedule to be determined by the Roadmaster based on need.

(R.R. at 28a-29a; Am. Compl. at ¶ 90.)

5

(R.R. at 30a; Am. Compl. at ¶ 98.) Bostek and Jackson voted in favor of the motion, while Barlow abstained from the vote. (R.R. at 30a; Am. Compl. at ¶ 99.)

On July 7, 2017, Barlow filed his Amended Complaint, seeking injunctive, declaratory, and other relief against Appellees for violations of the Sunshine Act (Act)[2] and The Second Class Township Code (Code).[3] Barlow alleged that the Board's meeting(s) held prior to March 6, 2017, as well as the Board's March 6, 2017, March 7, 2017, and May 2, 2017 meetings violated both the Act and the Code because, *inter alia*: (1) such meetings were not open to the public; (2) neither Barlow nor the public were provided reasonable notice of such meetings or of the Board's proposals to adopt certain actions at such meetings; (3) the public was not given a reasonable opportunity to comment on the Board's proposals to adopt certain actions at such meetings; (4) the actions taken at such meetings had been deliberated and adopted at a prior illegal meeting; and/or (5) the actions taken at such meetings had been adopted without complying with required procedures, for an improper purpose, or without reasonable deliberation.

Appellees filed preliminary objections to Barlow's Amended Complaint, seeking dismissal of Barlow's Amended Complaint. Appellees argued that Barlow's Amended Complaint was legally insufficient because, even if the Board held a private meeting on March 6, 2017 in violation of the Act or the Code, any action taken at such private meeting was subsequently ratified and cured by the Board's action taken at its March 7, 2017, and May 2, 2017 meetings, both of which were open to the public and did not violate the Act or the Code. In support thereof, Appellees attached copies of the minutes from the Board's March 7, 2017, and

---

[2] 65 Pa. C.S. §§ 701-716.

[3] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101-68701.

6

May 2, 2017 meetings to their preliminary objections and directed the trial court's attention to internet links containing video recordings of such meetings. By order dated August 23, 2017, the trial court sustained Appellees' preliminary objections and dismissed Barlow's Amended Complaint with prejudice. In so doing, the trial court reasoned:

> [T]his is a case that is clear and free from doubt. The March 7, 2017 subsequent open meeting was the very next day after the alleged illegal closed meeting on March 6, 2017. Importantly, at the March 7, 2017 meeting, the official action in question was approved by a 2/3 majority of the Board. The official action in question was again approved by a 2/3 majority at the May 2, 2017 open meeting. All [3] members of the Board, including [Barlow] who is the aggrieved party, were present at the alleged illegal closed meeting and both subsequent open meetings. Both subsequent open meetings were open to the public and had opportunities for public comment. Consequently, no harm or damage was caused. As any alleged [Act] or [Code] violation was properly and promptly cured, [Barlow] cannot make out a claim upon which relief can be granted. All of the curative measures are clearly reflected on the minutes of the March 7, 2017 and May 2, 2017 meetings. [Barlow] argues that this [trial court] should not consider those minutes now because [Barlow] chose not to include them in the Amended Complaint. Thereby, [Barlow] argues that this [trial court] should allow this litigation to continue despite the fact that the minutes and video recordings of the meetings will ultimately show any violations were cured. Therefore, there is no reason to continue this time consuming and costly litigation which places unnecessary strain on [the Township's] limited financial resources.

(Trial Ct. Op. at 5-6.)

On appeal, Barlow argues that the trial court committed an error of law by sustaining Appellees' preliminary objections and dismissing his Amended Complaint because: (1) the allegations of his Amended Complaint, when accepted

as true, establish that the Board's meeting(s) held prior to March 6, 2017, as well as the Board's March 6, 2017, March 7, 2017, and May 2, 2017 meetings violated both the Act and the Code and that relief is available for such violations; and (2) the alleged ratification measures taken at the March 7, 2017, and May 2, 2017 meetings do not preclude relief for the violations of the Act and the Code.

This Court's standard of review of a trial court's order sustaining preliminary objections to a complaint is limited to considering whether the trial court erred as a matter of law or committed an abuse of discretion. *Muncy Creek Twp. Citizens Comm. v. Shipman*, 573 A.2d 662, 663 (Pa. Cmwlth. 1990). In considering whether a trial court properly sustained preliminary objections, this Court accepts as true all well-pled facts and all inferences reasonably deducible therefrom. *Cowell v. Dep't of Transp.*, 883 A.2d 705, 707 n.2 (Pa. Cmwlth. 2005). "It is well-settled that in Pennsylvania civil practice, preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings. Thus, no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer." *Cardella v. Pub. Sch. Emps. Ret. Bd.*, 827 A.2d 1277, 1282 (Pa. Cmwlth. 2003).

In this case, the trial court concluded that Barlow could not make out a claim for which relief could be granted because the Board cured any violations of the Act and/or Code at its March 7, 2017, and May 2, 2017 meetings. In reaching this conclusion, the trial court acknowledged that it went beyond Barlow's Amended Complaint and considered minutes and video recordings from the Board's March 7, 2017, and May 2, 2017 meetings. While we acknowledge the trial court's concerns about the Township's limited financial resources, the law must take precedence. The law is clear that the trial court must accept as true all of Barlow's

8

well-pled facts and simply cannot go outside Barlow's Amended Complaint to determine whether Barlow's claims are legally sufficient. Our review of Barlow's Amended Complaint reveals that Barlow adequately pled causes of action for violations of the Act[4] and the Code.[5] For these reasons, we are constrained to conclude that the trial court committed an error of law by sustaining Appellees' preliminary objections and dismissing Barlow's Amended Complaint.

Accordingly, we reverse the trial court's order.

_____
P. KEVIN BROBSON, Judge

---

[4] Pursuant to the Act, "[o]fficial action and deliberations by a quorum of the members of an agency shall take place at a meeting *open to the public*." 65 Pa. C.S. § 704 (emphasis added). An agency is permitted to hold an executive session that is not open to the public to discuss matters involving employment provided that: (1) "[t]he reason for holding the executive session [is] announced at the open meeting occurring immediately prior or subsequent to the executive session"; and (2) "official action on discussions held [at the executive session are] taken at an open meeting." 65 Pa. C.S. §§ 707(a), 708(a)(1), (b) and (c). "[T]he board . . . shall provide a reasonable opportunity . . . for residents . . . or for taxpayers . . . to comment on matters of concern, official action or deliberation which are or may be before the board . . . prior to taking official action." 65 Pa. C.S. § 710.1(a).

[5] Pursuant to the Code, "[a]n affirmative vote of a majority of the entire board of supervisors *at a public meeting* is necessary in order to transact any business." Section 603 of the Code, 53 P.S. § 65603 (emphasis added). A board of supervisors may conduct a special meeting after notice to the public stating the nature of the business to be conducted at the meeting. Section 604 of the Code, 53 P.S. § 65604.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter M. Barlow,                                :
                              Appellant          :
                                                 :
              v.                                 :    No. 1229 C.D. 2017
                                                 :
Liberty Township, Adams County,                  :
Pennsylvania; Board of Supervisors               :
of Liberty Township, Adams County,               :
Pennsylvania; John Bostek; Robert                :
Jackson                                          :

# **O R D E R**

AND NOW, this 28th day of September, 2018, the order of the Court of Common Pleas of Adams County is hereby REVERSED.

 

 

_____
P. KEVIN BROBSON, Judge