# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Lusik,                        :

              Petitioner    :

                        :

          v.             :   No. 405 M.D. 2017

                        :   Submitted: August 23, 2019

Pennsylvania State Police, SCI-Albion  :

Parole Office, PA Department of       :

Corrections,                    :

              Respondents   :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                       **HONORABLE P. KEVIN BROBSON,** Judge
                       **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                  **FILED: October 11, 2019**

Before this Court in its original jurisdiction are the preliminary objections (POs) in the nature of a demurrer of the Pennsylvania State Police (PSP), and of the SCI-Albion[1] Parole Office and the PA Department of Corrections (together, Corrections Respondents), to the Amended Petition in Nature of Declaratory and Injunctive Relief (Amended Petition) filed by David Lusik.[2]  For the reasons that

---

[1] "SCI-Albion" refers to the State Correctional Institution at Albion.

[2] In response to the POs, Lusik filed his own "preliminary objections," which this Court docketed as such and directed the resolution of along with PSP and Corrections Respondents' POs in an April 10, 2019 order.  However, Lusik's "preliminary objections" are fashioned more as Answers than as POs.  Therefore, we will treat them as such.

follow, we overrule PSP's demurrer and direct it to file an Answer, and we sustain Corrections Respondents' demurrer and dismiss the Amended Petition as to them.

Lusik previously filed a Petition for Review challenging the application of The Sexual Offender Registration and Notification Act (SORNA)[3] to him asserting that doing so violated *ex post facto* principles, and alleging that his refusal to comply with SORNA resulted in his being denied release on parole. *Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed Nov. 28, 2018) (*Lusik I*), slip op. at 1-2. PSP and Corrections Respondents filed POs, which were addressed in *Lusik I*. Relevant to the current matter before the Court, we granted Lusik leave to file an amended petition for review because his initial petition addressed SORNA, which had been replaced by the Act of February 21, 2018, P.L. 27 (Act 10) and then the Act of June 10, 2018, P.L. 140 (Act 29) (together, SORNA II), during the litigation of that petition.

Lusik filed the Amended Petition, now arguing that SORNA II is being illegally applied to him because his conviction occurred prior to any of the Megan's Laws or SORNAs and that SORNA II is unconstitutional because it violates *ex post facto* principles, his fundamental right to his reputation, and his right to due process. (Amended Petition ¶¶ 21-22, 26-27, 36.) In particular, Lusik alleges that: "SORNA II has no provision for exemption or [sic] registry or procedure set forth as in prior Megan[']s [L]aw II & III"[4]; its registration

---

[3] 42 Pa. C.S. §§ 9799.10-9799.41. Our Supreme Court held that SORNA was unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189, 1222 (Pa. 2017), *cert. denied sub nom. Pennsylvania v. Muniz*, 138 S. Ct. 925 (2018).

[4] Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II, Act of May 10, 2000, P.L. 74, expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.1, was enacted on May 10, 2000, after Megan's Law I was found to be unconstitutional by our Supreme **(Footnote continued on next page…)**

2

requirements are significant and the information acquired is placed on the public website, rather than being available only on request as in past Megan's Laws; this publication results in "face to face shaming worldwide"; and these provisions are "beyond punishment and [are] excessive and violate[] his constitutional rights." (*Id.* ¶¶ 23-25, 34-36.) Lusik further avers, as he did in his original petition, that he is being denied release on parole because he refused to comply with the registration requirements of SORNA and SORNA II. (*Id.* ¶ 8.) According to Lusik, he was given a parole certificate on October 29, 2018, and was accepted into a community corrections center, but that, before he could be transported, he would have to sign his parole release papers. (*Id.* ¶¶ 14-15, 17-18.) Lusik avers that, notwithstanding his positions that these laws do not apply to him and that they are unconstitutional, he was told he could not leave unless he complied. (*Id.* ¶ 19.) Thus, he alleges he was forced by parole officials at SCI-Albion to provide the information required for registration. (*Id.* ¶¶ 9, 19.) Lusik seeks a declaration and a special injunction on his claims and the removal of his name from the public registry. (*Id.* ¶ 38.)

Corrections Respondents filed a demurrer and assert that Lusik is arguing SORNA II does not apply to him and is unconstitutional and, therefore, he does not have to register with PSP. Citing statutory provisions related to their duties

---

(continued…)

Court in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Gomer Williams*, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III, P.L. 1243, No. 152 (2004), on November 24, 2004. Following the United States Congress's expansion of the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16945, the General Assembly passed SORNA. Our Supreme Court struck down Megan's Law III as unconstitutional in *Commonwealth v. Neiman*, 84 A.3d 603, 616 (Pa. 2013).

compared to those of PSP,[5] they argue parole and corrections authorities are responsible only for obtaining information from offenders that they then forward to PSP, which is responsible for creating and maintaining the SORNA II registry and determining whether an offender must register. (Corrections Respondents' PO ¶¶ 18-19.) Because Corrections Respondents "do not register individuals, but simply provide the information required by statute to the [PSP] for [that] agency to then determine whether registration is applicable," they cannot provide the relief requested by Lusik and, therefore, Lusik has failed to state a claim against them. (*Id.* ¶¶ 20-21.) As such, the Amended Petition should be dismissed as to them. (*Id.* Wherefore Clause.)

PSP filed its demurrer and asserts that Lusik is challenging the denial of his parole based on his refusal to comply with the registration requirements. (PSP's PO ¶ 1.) It contends that Lusik has failed to state a claim against the PSP because PSP has no control over whether he is denied parole, as such authority lies within the exclusive authority of the Pennsylvania Board of Probation and Parole. (*Id.* ¶ 4.) PSP further asserts Lusik's claim is moot because Lusik is currently registered and admits to having been granted parole. (*Id.* ¶ 5.) To the extent Lusik claims to have been forced to provide the information necessary to register, PSP points out that it was not involved in the collection of that information and, therefore, Lusik cannot state a claim against PSP. (*Id.* ¶¶ 6-7.)

---

[5] Corrections Respondents cite Section 9799.2 of Megan's Law II, which expired on December 20, 2012, *formerly* 42 Pa. C.S. § 9799.2 (duty of the Pennsylvania Board of Probation and Parole), and Section 9799.32(1) of SORNA, 42 Pa. C.S. § 9799.32(1) (duty of the PSP under SORNA). The respective duties of the PSP and probation and parole officials under SORNA II can be found at Sections 9799.67 and 9799.68, respectively. 42 Pa. C.S. §§ 9799.67, 9799.68.

Lusik filed responses to both demurrers. As to Corrections Respondents' demurrer, he argues it should be overruled because it did not include a Notice to Plead. He asserts they are simply trying to "pass the buck" to PSP and their contention that they are only required to collect, but not verify, information "lacks candor" because they must "cooperate" with PSP "to collect information . . . to ensure it is provided by the individual and that he is placed on the registry." (Lusik's Answer to Corrections Respondents' PO ¶ 13.) As to PSP's demurrer, Lusik asserts PSP's arguments are "baffling" and do not cite any "controlling case law" in support of its claim that he has not stated a claim against it. (Lusik's Answer to PSP's PO ¶ 12.) He notes that while he may have been granted a certificate of parole he has not actually been released on parole despite having been forced to comply with SORNA II's requirements. (*Id.* ¶¶ 15-16.) Lusik asserts this matter is not moot because his name is on the registry, which is published on the internet, which, *inter alia*, violates his right to reputation because due process was not provided. (*Id.* ¶¶ 17, 21, 23.)

In response to both demurrers, Lusik asserts that he has pleaded that his conviction date makes SORNA II's application to him impermissibly retroactive, citing *Commonwealth v. Fernandez*, 195 A.3d 299 (Pa. Super. 2018), and/or *Commonwealth v. Lacombe*, (Pa. No. 35 MAP 2018).[6] (Lusik's Answer to

---

[6] Although Lusik provides a different citation for *Lacombe*, it can be inferred based on his contention that this case addresses the constitutionality of SORNA II that he is referring to the matter at this docket number, which the Supreme Court has accepted to consider the constitutionality of SORNA II. *See Smolsky v. Blocker* (Pa. Cmwlth., No. 254 M.D. 2018, filed May 20, 2019), slip op. at 6 n.5 (indicating that the Supreme Court had "recently granted review, in its original jurisdiction, to consider the constitutionality of Act 10 and Act 29 in *Commonwealth v. Lacombe*, 35 MAP 2018 (Pa. 2018)"). The Superior Court, in *Fernandez*, questioned the constitutionality of Act 29, which was not before the court in that case, noting that while "it reduce[d] the term of years for which . . . offenders must register, [it] does not address **(Footnote continued on next page…)**

Corrections Respondents' PO ¶ 14; Lusik's Answer to PSP's PO ¶ 19.) He further argues that the Amended Petition contains well-pleaded statements that SORNA II is more onerous than prior versions of Megan's Law in its registration periods, collection and dissemination of information, and not having a mechanism of exemption, all of which violate his constitutional rights. (Lusik's Answer to Corrections Respondents' PO ¶ 15; Lusik's Answer to PSP's PO ¶¶ 21, 23, 29.)

"[P]reliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings." *Cardella v. Pub. Sch. Emps.' Ret. Bd.*, 827 A.2d 1277, 1282 (Pa. Cmwlth. 2003). "In ruling on preliminary objections, the Court must accept as true all well-pleaded allegations of material fact as well as all of the inferences reasonably deducible from the facts pleaded." *Smith v. Pa. Emps. Benefit Tr. Fund*, 894 A.2d 874, 881 (Pa. Cmwlth. 2006). To sustain preliminary objections, "it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party by refusing to sustain the objections." *Id.*

We first address Corrections Respondents' demurrer, which is based on their inability to provide the relief requested. First, to the extent Lusik contends the demurrer should be overruled due to the lack of a notice to plead, we disagree. A notice to plead is required where a preliminary objection raises an issue that cannot be decided from the facts of record. *Corbett v. Desiderio*, 698 A.2d 134, 137 (Pa. Cmwlth. 1997). The effect of not including a notice to plead is that the petitioner is not required to file a response, and the averments in the preliminary objection

_____

**(continued…)**
the[] additional, more stringent conditions under SORNA from those imposed under the earlier versions of Megan's Law." 195 A.3d at 310.

6

are deemed denied.  *Id.*; *Cooper v. Church of St. Benedict*, 954 A.2d 1216, 1221 (Pa. Super. 2008).[7] Thus, this is not a basis to overrule the demurrer.

Second, the relief Lusik requests is "a declaration and special injunction of his claims and the law" and an order requiring the removal of his name from the registry.  (Amended Petition ¶ 38.)  This relief is aimed at obtaining a determination as to the application of SORNA II to him and as to the constitutionality of SORNA II, and, if either determination is in his favor, the removal of his name from the registry.  While the Amended Petition also includes claims that Corrections Respondents have impermissibly denied him release on parole, it does not appear that Lusik is requesting relief specifically aimed at these claims.  Accordingly, we agree with Corrections Respondents that Lusik has failed to state a claim upon which relief can be granted as to them.  Thus, Corrections Respondents' demurrer is sustained, and the Amended Petition is dismissed as to them.

We now address PSP's demurrer.  PSP correctly states that certain parts of the Amended Petition refer to the actions of Corrections Respondents related to Lusik's release (or non-release) on parole, which are outside PSP's authority.  Further, to the extent PSP asserts the matter is moot, Lusik points out that, at a minimum, his constitutional claims are not moot.  Reviewing the pleadings, we will not sustain PSP's demurrer and dismiss the Amended Petition as having failed to state a claim against PSP.  Absent from PSP's demurrer and brief in support thereof is any reference, or challenge, to Lusik's core legal contentions that

---

[7] While we are not bound by the decisions of the Superior Court, we may consider them for their persuasive value.  *Dougherty v. Pa. State Police*, 138 A.3d 152, 158 (Pa. Cmwlth. 2016).

SORNA II does not apply to him and that SORNA II is, like SORNA, unconstitutional because its provisions violate *ex post facto* principles, his right to reputation, and his right to due process. These unanswered claims, which are the basis upon which Lusik seeks declarative and injunctive relief, will, therefore, be allowed to proceed. Thus, we overrule PSP's demurrer, and PSP shall file an Answer within 30 days of the filing of the Order in this matter.[8]

_____

**RENÉE COHN JUBELIRER,** Judge

---

[8] Lusik has filed a "Motion to Strike Respondent P.S.P Brief in Support of Preliminary Objection to Amended Petition for Review," which we dismiss as moot based on our disposition.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Lusik,                                     :
                    Petitioner                    :
                                                  :
          v.                                      :          No. 405 M.D. 2017
                                                  :
Pennsylvania State Police, SCI-Albion             :
Parole Office, PA Department of                   :
Corrections,                                      :
                    Respondents                   :

# **O R D E R**

**NOW**, October 11, 2019, the preliminary objection of the SCI-Albion Parole Office and the PA Department of Corrections is **SUSTAINED**, and David Lusik's (Lusik) Amended Petition in Nature of Declaratory and Injunctive Relief (Amended Petition) is dismissed as to these Respondents. The preliminary objection of the Pennsylvania State Police (PSP) is **OVERRULED**, and PSP is directed to file an Answer to the Amended Petition within the 30 days of this Order. Lusik's "Motion to Strike Respondent P.S.P Brief in Support of Preliminary Objection to Amended Petition for Review," is **DISMISSED AS MOOT**.

_____
**RENÉE COHN JUBELIRER,** Judge