# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

La'Var Ali Harley,             :
          Petitioner       :
        :
           v.             :    No. 149 M.D. 2019
        :    Submitted: August 23, 2019
Pennsylvania State Police,       :
          Respondent    :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE P. KEVIN BROBSON,** Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**              **FILED: October 15, 2019**

Before this Court in its original jurisdiction is the preliminary objection in the nature of demurrer filed by the Pennsylvania State Police (PSP) to the Petition For Review in the Nature of Mandamus (Petition) of La'Var Ali Harley (Harley). For the reasons that follow, we overrule the demurrer and direct PSP to file an Answer.

In the Petition, Harley asserts PSP is violating his constitutional rights under the Pennsylvania and United States Constitutions, including his reputational rights, without due process of law by requiring him to register as a sex offender under the act known as the Sexual Offender Registration and Notification Act (SORNA)[1]

---

[1] 42 Pa. C.S. §§ 9799.10-9799.41. Our Supreme Court held that SORNA was unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189, 1222 (Pa. 2017), *cert. denied sub*

because the crimes to which he pled guilty and was sentenced[2] on February 27, 2008, are not registerable offenses or sex or sex-related crimes. (Petition at 2.) Harley avers that, as reflected in his written guilty plea colloquy and the Judgment of Sentence Order, he pled guilty to kidnapping, conspiracy, and possession of an instrument of crime. (*Id.* at 3-4.) Other charges that were filed against him were *nolle prossed* as part of his plea bargain. (*Id.*, Ex. A.) He further alleges that while one type of kidnapping is a registerable offense under SORNA, the second type is not, and "there is no language that stipulates wh[ich] [k]idnapping [Harley] pled guilty to."[3] (*Id.* at 3-4.) Harley avers that his guilty plea was the result of a plea agreement, which must be given effect. (*Id.* at 3.) He alleges that had he been subject to registration based on the offenses to which he pled guilty, the trial court would have informed him of that obligation during his sentencing as required by Section 9795.3 of the Megan's Law in effect at the time of his sentencing, *formerly* 42 Pa. C.S. § 9795.3,[4] and did not. (*Id.* at 4.) Harley asserts this supports his claim that he did not plead guilty to a registerable offense.

---

*nom. Pennsylvania v. Muniz*, 138 S. Ct. 925 (2018). SORNA was replaced by the Act of February 21, 2018, P.L. 27, 42 Pa. C.S. §§ 9799.10-9799.75 (Act 10). Act 10 was replaced by Act of June 12, 2018, P.L. 140 (Act 29).

[2] Harley was sentenced to 7 years and 6 months to 15 years' confinement. (Petition at 1.)

[3] Section 2901(a)(1) of the Crimes Code addresses "Kidnapping" "another" with the intent "[t]o hold for ransom or reward, or as a shield or hostage." 18 Pa. C.S. § 2901(a)(1). Section 2901(a.1)(1) of the Crimes Code involves the "Kidnapping of a minor" with the intent "[t]o hold for ransom or reward, or as a shield or hostage." 18 Pa. C.S. § 2901(a.1)(1). Harley asserts the latter was a registerable offense under SORNA but the former was not. Subsection (a.1) was added by Section 1 of the Act of December 20, 2011, P.L. 446, and became effective February 21, 2012. Prior to 2012, Section 2901(a) of the Crimes Code did not delineate between minor and other victims.

[4] Section 9795.3 of Megan's Law III provided that "[t]he sentencing court shall inform offenders . . . at the time of sentencing of the provisions of this subchapter." *Formerly* 42 Pa. C.S. § 9795.3. Our Supreme Court found Megan's Law III to be unconstitutional in *Commonwealth v. Neiman*, 84 A.3d 603, 616 (Pa. 2013), for violating the single subject rule of article III, section 3 of the Pennsylvania Constitution.

Upon his release from incarceration on March 30, 2016, Harley avers he was forced, "maliciously and arbitrarily" by the PSP, to register as a sex offender without due process under SORNA despite not having been convicted of a sex crime or a registerable offense. (*Id.* at 2.) Harley alleges that, as a result, his reputation has been and continues to be damaged, and he has been "harassed, threatened, and vilified by others." (*Id.* at 5.) As relief, Harley seeks to have his name removed from PSP's registry of sexual offenders and "an appropriate award for damages done to his reputation" due to his "being labeled as a 'Sex Offender'." (Petition, Wherefore Clause; *see also* Petition at 2 (seeking money damages in the amount of $2.5 million for the violation of his reputational rights).)

PSP filed its demurrer, arguing that Harley's claim that he is not required to register under SORNA fails on its merits. It asserts that a review of the entire docket in Harley's criminal case, which PSP attaches to its demurrer,[5] shows that some of the offenses with which Harley was charged involved minors. PSP recognizes that these charges were *nolle prossed*. PSP nevertheless alleges that, although Harley "does not contend whether or not he kidnapped a minor" "his criminal docket unequivocally indicates that his offenses were committed against a minor." (PSP Demurrer ¶¶ 14-15; *see also* PSP's Brief (Br.) at 3.) Therefore, PSP avers, Harley was required to register for 10 years under SORNA, 42 Pa. C.S. § 9799.55 (requiring an individual convicted of violating "18 Pa. C.S. § 2901 (relating to kidnapping) where the victim is a minor" to register for 10 years). (PSP Demurrer ¶¶ 12, 16; PSP Br. at 3.)

Harley filed an answer arguing that PSP's demurrer was based on a selective interpretation of facts and that there are issues of fact that are to be decided by the

---

[5] Harley attached only several pages of his criminal docket to the Petition. (Petition, Ex. C.)

3

trier of fact, and not issues of law to be resolved in a demurrer. According to Harley, PSP "is trying to misdirect the court" by citing to his criminal docket, and PSP's challenge to the facts should be decided on the merits, not as a challenge to the pleadings. (Answer to the Respondent's Preliminary Objections (Demurrer) ¶ 13, Wherefore Clause.) He repeats his assertion from the Petition that his allegation that he was not convicted of a registerable offense is supported by the fact that the trial court did not inform him of his obligation to register during the sentencing proceedings. Therefore, Harley maintains, PSP's demurrer should be overruled.

Although no party has raised the issue, we must first address whether this Court may exercise original jurisdiction over the Petition because Harley has requested both mandamus or injunctive relief (the removal of his name from the registry) and monetary damages. This Court has original jurisdiction over cases asserted against "the Commonwealth government . . . ," but this is subject to the exclusion that we do not "generally have jurisdiction 'over actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity . . . .'" *Stackhouse v. Commonwealth*, 832 A.2d 1004, 1007 (Pa. 2003) (quoting Section 761(a)(1) and 761(a)(1)(v) of the Judicial Code, 42 Pa. C.S. § 761(a)(1), (a)(1)(v)). Thus, actions against the Commonwealth government seeking monetary damages based on trespass actions are generally within the jurisdiction of the local county court of common pleas. *Id.* at 1008. However, when a petition for review is filed in this Court's original jurisdiction seeking both monetary and, for example, mandamus, declaratory, or injunctive relief, the Court must look to the substance of the claim, rather than the form of action filed, to determine whether it falls within our original jurisdiction. *Id.* at 1009. Examining the core of Harley's factual allegations and requested relief, we conclude

4

that the Petition, although named an action in mandamus, is seeking declaratory and injunctive relief, rather than an action in trespass alleging that PSP has committed a tort against him. Harley seeks to demonstrate that he is not required to register with PSP under SORNA and that his name should be removed from the registry. This Court has addressed such actions in its original jurisdiction. *See, e.g.*, *Dougherty v. Pa. State Police*, 138 A.3d 152 (Pa. Cmwlth. 2016); *Taylor v. Pa. State Police*, 132 A.3d 590 (Pa. Cmwlth. 2016). Therefore, this Court has original jurisdiction over the Petition and need not transfer it to the Court of Common Pleas of Philadelphia County pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a).

We now turn to PSP's demurrer and Harley's response thereto. "[P]reliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings." *Cardella v. Pub. Sch. Emps. Ret. Bd.*, 827 A.2d 1277, 1282 (Pa. Cmwlth. 2003). "In ruling on preliminary objections, the Court must accept as true all well pleaded allegations of material fact as well as all of the inferences reasonably deducible from the facts pleaded." *Smith v. Pa. Emps. Benefit Tr. Fund,* 894 A.2d 874, 881 (Pa. Cmwlth. 2006). To sustain preliminary objections, "it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party by refusing to sustain the objections." *Id.*

PSP argues Harley fails to state a claim because based on charges against him that were *nolle prossed*, which involved a minor victim, his conviction for kidnapping also had to have involved a minor victim. Because it did, PSP maintains that Harley was required to register under SORNA, and it is clear that the law will permit no recovery. However, PSP does not cite any authority for its contention that, when considering a demurrer, we may examine charges to which the petitioner

5

did not plead guilty and which were *nolle prossed* to determine whether SORNA registration was required. Harley avers that neither the Judgment of Sentence Order nor his written guilty plea colloquy indicate that the victim was a minor, and the fact that he was not informed by the trial court of any obligation to register at the time of his sentencing reflects that he was not convicted of a registerable offense. At this preliminary stage, we must accept as true Harley's allegations and exhibits and any inferences reasonably deducible therefrom. Accepting those allegations and reasonable inferences as true, and resolving any doubt in favor of Harley as the non-moving party, we cannot say that it "appear[s] with certainty that the law will permit no recovery." *Id.*

Accordingly, PSP's demurrer is overruled, and PSP is directed to file an Answer to the Petition within 30 days of the filing of the Order in this matter.

_____
**RENÉE COHN JUBELIRER,** Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

La'Var Ali Harley,                          :
                        Petitioner          :
                                            :
            v.                              :       No. 149 M.D. 2019
                                            :
Pennsylvania State Police,                  :
                        Respondent          :

# **O R D E R**

**NOW**, October 15, 2019, the preliminary objection in the nature of a demurrer filed by the Pennsylvania State Police is **OVERRULED**. The Pennsylvania State Police shall file an Answer to La'Var Ali Harley's Petition for Review in the Nature of Mandamus within 30 days of this Order.

_____
**RENÉE COHN JUBELIRER,** Judge